Nancy B. WITTER, Appellee,

v.

Stanton L. WITTER, Appellant.

No. 65102.

Supreme Court of Oklahoma.

March 8, 1988.

Rehearing Denied Oct. 4, 1988.

W. Samuel Dykeman, William S. Dykeman, Dykeman, Williamson & Williamson, Inc., Oklahoma City, for appellee.

Warren L. Griffin, H. Edward Terry, Midwest City, for appellant.

MEMORANDUM OPINION

ALMA WILSON, Justice:

The parties were granted a decree of divorce on September 22, 1983. On June 4, 1985, appellant petitioned the trial court for termination of the order for support alimony provided in the decree, urging the applicability of 12 O.S. § 1289(E) in support thereof. The appellee filed a motion to dismiss which the trial court granted on August 14, 1985.

Title 12 O.S.1981, § 1289 has been amended three times. The applicable statute to be construed in this case is found in 1983 Okla.Sess.Laws, ch. 86, § 1. The issue is whether § 1289(E), which permits modification of support alimony upon proof of changed circumstances, applies to an order of support alimony imposed in a decree of divorce rendered prior to the effective date of the statute.

In *Nantz v. Nantz*, 749 P.2d 1137, 59 OBJ 335 (Okla.1988) this Court construed the same statute, subsection D. The issue in *Nantz* was whether § 1289(D) could be applied retrospectively in order to consider a motion to modify the support alimony provisions of a divorce decree granted prior to the effective date of the statute. Subsection D allows modification when the supported party cohabits with a member of the opposite sex. This Court found that wording of the subsequent amendments evidenced a clear intent from the legislature that the statute be given retrospective affect. As the rationale in *Nantz* applies equally to this case, we hold that § 1289(E) must be given retrospective effect.

We therefore reverse the order of the trial court, and remand this case for consideration of the appellant's motion to terminate support alimony. The issue of attor-

ney fees shall be determined by the trial court.

REVERSED AND REMANDED.

DOOLIN, C.J., HARGRAVE, V.C.J., and HODGES, LAVENDER and WILSON, JJ., concur.

OPALA, KAUGER (for the reason expressed in *Nantz v. Nantz*, 39 OBJ 335, 749 P.2d 1137) and SUMMERS, JJ., dissent.